UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                    Case No.: 8:19-cr-288-WFJ-LSG

SIMON ANTONIO ZAMBRANO
VARGAS
_____/

# ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Simon Antonio Zambrano Vargas, USM#: 72425-018, moves (Dkt. 180) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On December 11, 2019, Simon Antonio Zambrano Vargus was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) to 108 months. His total offense level was 33. He was assessed no criminal history points, and his criminal history was category I. Mr. Vargus' advisory sentencing range was 135-168 months, and he received a sentence below the guidelines, based on a two-level downward departure for substantial assistance. The Bureau of Prisons reports that his projected release is March 28, 2026.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States

Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821.  USPO submits a memorandum reporting that Simon Antonio Zambrano Vargas is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 31 and reduces his advisory sentencing range to 108-135.  The Federal Defender appears, confirms Mr. Zambrano Vargus' eligibility for a reduction, and moves unopposed to reduce his sentence to 87 months (a 21-month reduction in sentence).  Counsel argues for a comparable downward departure of approximately 20%, or two levels from the low end (108) of the new guideline range.

      The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a), and the Court finds those factors weigh against a reduction in sentence.  The Coast Guard intercepted the go-fast vessel with four individuals on-board, including the Defendant.  Defendant's offense involved a significant amount of cocaine—about 683 kilograms.  Dkt. 90 ¶ 11.  The offense carried a ten-year mandatory minimum sentence, and Defendant's guideline imprisonment range was 135 to 168 months.  *Id*. ¶¶ 55–56.  Defendant was sentenced below this range because the Court granted a bottom-of-the-range two-level downward departure.  Dkts. 95, 96.  In this large maritime smuggling venture, the amount of contraband,

by any measure, was worth upwards of $20 million, before it was diluted for street sale. Thus the nature of the offense, § 3553(a)(1), counsels against further reduction. Finally, Defendant is a citizen of Ecuador with an unresolved ICE detainer.

Mr. Zambrano Vargus' motion (Dkt. 180) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on March 3, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE